

ADR

E-FILING

ORIGINAL FILED

JUN - 2 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   VERNON H. GRANNEMAN (SBN 083532)
2    vernon.granneman@pillsburylaw.com
   DIANNE L. SWEENEY (SBN 187198)
3    dianne.sweeney@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  OPPENHEIMER WOLFF & DONNELLY LLP
   ANDREW S. HANSEN (*Pro Hac Vice* application pending)
7    ahansen@oppenheimer.com
   HEIDI A. O. FISHER (*Pro Hac Vice* application pending)
8    hfisher@oppenheimer.com
   MEGHAN M. ANZELC (*Pro Hac Vice* application pending)
9    manzelc@oppenheimer.com
   Plaza VII, Suite 3300
10 45 South Seventh Street
   Minneapolis, MN  55402
11 Telephone: (612) 607-7000
   Facsimile: (612) 607-7100
12
   Attorneys for Defendants
13 SELECT COMFORT RETAIL CORPORATION
   and BED BATH & BEYOND, INC.
14
                 UNITED STATES DISTRICT COURT
15
                 NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN JOSE DIVISION
17  _____

                                        C08   02746   JF
18 MOLLY STEARNS,                      )
                                       )  Case No.                     PVT
19              Plaintiff,             )
                                       )  **DEFENDANTS' NOTICE OF**
20      vs.                            )  **REMOVAL AND DEMAND FOR**
                                       )  **JURY TRIAL**
21 SELECT COMFORT RETAIL              )
   CORPORATION, a Minnesota Corporation; )
22 BED BATH & BEYOND, INC., a New York )
   Corporation,                       )
23                                     )
                Defendants.            )
24  _____)

25      All named defendants, Select Comfort Retail Corporation ("Select Comfort") and

26 Bed Bath & Beyond, Inc. ("BBB"), by counsel, hereby join to give notice of removal of the

27 above-titled action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, from the Superior

28

1  Court of the State of California for the County of Santa Clara to the United States District

2  Court for the Northern District of California.

3  **BACKGROUND**

4  1.    On April 25, 2008, Plaintiff Molly Stearns ("Plaintiff") filed a class action

5  Complaint in the Superior Court of the State of California for the County of Santa Clara

6  styled *Molly Stearns v. Select Comfort Retail Corp., Bed Bath & Beyond, Inc., and Does 1*

7  *through 50,000*, Case No. 108CV111331.  A true and correct copy of the Complaint is

8  attached hereto as Exhibit A.  Select Comfort was served with the Summons and Complaint

9  on May 5, 2008.  A true and correct copy of the Summons is attached hereto as Exhibit B.

10  BBB was served with the Summons and Complaint on May 1, 2008.  A true and correct

11  copy of the Summons is attached hereto as Exhibit C.

12  2.    The Complaint asserts claims for strict products liability, breaches of express

13  and implied warranty, concealment, and intentional and negligent misrepresentation.

14  (Compl. ¶¶ 44–97.)  The Complaint alleges that the Select Comfort bed that Plaintiff

15  purchased through BBB is defective because the bed allegedly allows mold to develop and

16  incubate.  (*Id.* at ¶¶ 24, 45.)  Plaintiff seeks a variety of relief, including general and special

17  damages, punitive damages, attorneys' fees, and injunctive relief.  (*Id.* at ¶¶ 1–7) (prayer for

18  relief).

19  **JURISDICTION:  GROUNDS FOR REMOVAL**

20  3.    This action is removable pursuant to the Class Action Fairness Act

21  ("CAFA").  28 U.S.C. §§ 1332(d), 1453.  Plaintiff brings this action under California Code

22  of Civil Procedure § 382.  (Compl. ¶ 34.)  This action therefore qualifies as a "class action"

23  as defined by 28 U.S.C. §§ 1332(d) and 1453 because it is a "civil action filed under rule 23

24  of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

25  authorizing an action to be brought by 1 or more representative persons as a class action."

26  28 U.S.C. §§ 1332(d)(1)(B), 1453(a).

27  4.    CAFA extends federal jurisdiction over class actions where:  (1) any

28  member of the proposed class is a citizen of a state different from any defendant; (2) the

1    putative class consists of more than 100 members; and (3) the amount in controversy equals

2    or exceeds $5 million, aggregating all claims and excluding interests and costs.  28 U.S.C.

3    §§ 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6).  Each of these requirements is readily met

4    here.

5        **A.      Minimal Diversity**

6        5.       Only "minimal diversity" is required under CAFA.  *See Serrano v. 180*

7    *Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("under CAFA, complete diversity is

8    not required; 'minimal diversity' suffices") (citations omitted).  Plaintiff is a resident of

9    California. (Compl. ¶ 7.)  Select Comfort is a Minnesota corporation with its principal

10   place of business in Minnesota. (*Id.* at ¶¶ 8, 9.)  Defendant Bed Bath & Beyond, Inc.

11   ("BBB") is a New York corporation with its principal place of business in New Jersey. (*Id.*

12   at ¶¶ 10, 11.)  Therefore, the minimal diversity required by CAFA exists in this case.

13       **B.      Number of Class Members**

14       6.       Plaintiff brings this action on behalf of "[a]ll original purchasers and users of

15   a Select Number® [sic] bed manufactured by SELECT COMFORT between January 1,

16   1987 and December 31, 2005." (Compl. ¶ 34.)  Between January 1, 1987 and December

17   31, 2005, Select Comfort sold in excess of 2.2 million Sleep Number® beds. (Exhibit D

18   (Declaration of Hunter Saklad ("Saklad Decl.") ¶ 2)).  Therefore, even excluding users of

19   Sleep Number® beds between January 1, 1987 and December 31, 2005, the putative class

20   well exceeds 100 members.

21       **C.      Amount in Controversy**

22       7.       Plaintiff has explicitly pleaded that she seeks "general and special damages,"

23   "punitive and exemplary damages," "attorneys' fees," and "injunctive relief." (Compl. ¶¶

24   1, 3, 4, 6) (prayer for relief).  Specifically, the Complaint alleges that "Plaintiff and Class

25   members will have to pay for replacement of their beds, hazardous waste disposal fees, and

26   medical fees associated with owing [sic] a Sleep Number® bed." (*Id.* at ¶ 33.)

27   Furthermore, Plaintiff also alleges that a common question of fact that may affect individual

28

1   class members is "[h]ow much did Class Members pay for their Sleep Number bed?" (*Id.*
2   at ¶ 39(i).)

3       8.     Between January 1, 1987 and December 31, 2005, revenues from sales of
4   the Sleep Number® bed were in excess of $3.3 billion. (Exhibit D (Saklad Decl. ¶ 3.))
5   Therefore, the amount in controversy is at the very least in excess of $3.3 billion, which
6   well exceeds the $5 million requirement. 28 U.S.C. § 1332(d)(2); *see also, Sanchez v. Wal-*
7   *Mart Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal.
8   May 8, 2007) ("assuming that 250,000 strollers were sold in California for $20 each, the
9   court concludes that defendants have established by a preponderance of the evidence that
10  compensatory damages likely would exceed $5,000,000"); *Kearns v. Ford Motor Co.*, No.
11  CV 05-5644 GAF(JTLX), 2005 WL 3967998, at *5 (C.D. Cal. Nov. 21, 2005) (multiplying
12  plaintiff's demand for reimbursement by the number of vehicles sold during class period
13  meets CAFA amount in controversy threshold).

14      9.     Plaintiff's other requests for relief, including punitive damages, attorneys'
15  fees, and injunctive relief are also properly considered in the assessment of the amount in
16  controversy. *See Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007
17  WL 1302504, at *4 (E.D. Cal. May 1, 2007).

18      **D.     CAFA's Exclusions Do Not Apply to this Action**

19      10.    Plaintiff bears the burden of showing that an exception to CAFA jurisdiction
20  applies. *See, e.g., Serrano*, 478 F.3d at 1021–22.  No such exception applies here.

21      11.    The exceptions to CAFA jurisdiction only apply if at least one defendant or
22  a primary defendant is a citizen of the State in which the action was originally filed. *See* 28
23  U.S.C. § 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B).  Neither Select Comfort nor
24  BBB is a citizen of California.  (Compl. ¶¶ 8–11.)  The exceptions to CAFA jurisdiction
25  therefore do not apply.

26
27
28

1    **COMPLIANCE WITH THE REMOVAL STATUTES AND LOCAL RULES**

2        12.    The Notice of Removal was properly filed in the United States District Court

3    for the Northern District of California because the Superior Court for the State of California

4    for the County of Santa Clara is located in this judicial district. *See* 28 U.S.C. § 1441(a).

5        13.    **Intradistrict Assignment**: Pursuant to Local Rule 3-5, assignment of this

6    case to the San Jose Division is appropriate because Plaintiff is a resident of Santa Clara

7    County and thus the property at issue is located in Santa Clara County. Therefore,

8    assignment to the San Jose Division is proper under Local Rule 3-2(c).

9        14.    The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of

10   Civil Procedure. *See* 28 U.S.C. § 1446(a).

11       15.    Plaintiff served Select Comfort with the Summons and Complaint on May 5,

12   2008. (Exhibit B.) Plaintiff served BBB with the Summons and Complaint on May 1,

13   2008. (Exhibit C.) Accordingly, this Notice of Removal is timely under 28 U.S.C. §

14   1446(b), as it is filed within thirty (30) days of service. Fed. R. Civ. P. 6(a).

15       16.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders

16   served upon Select Comfort in this action, which papers include the Complaint and

17   Summons, are attached. (*See* Exhibits A-C.)

18       17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

19   served upon counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of

20   Removal, is being filed with the Clerk of the Superior Court of the State of California for

21   the County of Santa Clara.

22   **CONCLUSION**

23       Defendants respectfully request that this Court exercise jurisdiction over this action

24   and enter any orders and grant any relief as may be necessary to secure removal and to

25   prevent further proceedings in this matter in the Superior Court for the State of California

26   for the County of Santa Clara.

27

28

1    Dated:  June 2, 2008.

2                                        PILLSBURY WINTHROP SHAW PITTMAN LLP

3

4                                        By _____
                                              Dianne L. Sweeney
5                                             Attorneys for Defendants
                                              SELECT COMFORT RETAIL CORPORATION
6                                             AND BED BATH & BEYOND, INC.

7    Dated:  June 2, 2008.

8                                        OPPENHEIMER WOLFF & DONNELLY LLP

9                                        By _____
                                              Andrew S. Hansen
10                                            Attorneys for Defendants
                                              SELECT COMFORT RETAIL CORPORATION
11                                            AND BED BATH & BEYOND, INC.

12

13                        **DEMAND FOR JURY TRIAL**

14         Pursuant to Federal Rule of Civil Procedure 38(b), defendants demand a trial by jury.

15

16   Dated:  June 2, 2008.

17                                       PILLSBURY WINTHROP SHAW PITTMAN LLP

18

19                                       By _____
                                              Dianne L. Sweeney
20                                            Attorneys for Defendants
                                              SELECT COMFORT RETAIL CORPORATION
21                                            AND BED BATH & BEYOND, INC.

22   Dated:  June 2, 2008.

23                                       OPPENHEIMER WOLFF & DONNELLY LLP

24

25                                       By _____
                                              Andrew S. Hansen
26                                            Attorneys for Defendants
                                              SELECT COMFORT RETAIL CORPORATION
27                                            AND BED BATH & BEYOND, INC.

28

1      **CERTIFICATE OF SERVICE**

2          I am employed in State of California, in the office of a member of the bar of this

3   Court, at whose direction the service was made. I am over the age of eighteen years, and

4   not a party to the within action. My business address is Pillsbury Winthrop Shaw Pittman

5   LLP, 2475 Hanover Street, Palo Alto, CA 94304-1114. On **June 2, 2008**, I served the

6   documents titled:

7          1.    DEFENDANTS' NOTICE OF REMOVAL AND DEMAND FOR JURY
                 TRIAL
8
           on the parties in this action as follows:
9
    Robert M. Gagliasso, Esq.
10  Andrew V. Stearns, Esq.
    Bustamante, O'Hara & Gagliasso
11  River Park Tower
    333 W. San Carlos, Eighth Floor
12  San Jose, CA 95110

13
    ☒      **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
14         the United States mail at Palo Alto, CA. I am readily familiar with the practice of
           Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
15         for mailing, said practice being that in the ordinary course of business, mail is deposited
           in the United States Postal Service the same day as it is placed for collection.
16
    ☐      **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
17         transmission and the transmission was reported as complete and without error to the
           numbers listed above.
18
    ☐      **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
19         electronic transmission to the persons at the electronic-email addresses indicated above.

20  ☐      **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
           by _____ to receive documents to be delivered on the same date. A proof of service
21         signed by the authorized courier will be filed forthwith.

22  ☐      **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
           Winthrop Shaw Pittman LLP for collection and processing of correspondence for
23         overnight delivery and know that the document(s) described herein will be deposited in
           a box or other facility regularly maintained by Federal Express for overnight delivery.
24

25          I declare under penalty of perjury that the foregoing is true and correct. Executed

26  on June 2, 2008, at Palo Alto, California.

27                                                      _____
                                                            Meri L. Y. Rose
28

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MOLLY STEARNS

## DEFENDANTS
SELECT COMFORT RETAIL CORPORATION; BED BATH & BEYOND, INC.

(b) County of Residence of First Listed Plaintiff **Santa Clara**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Hennepin (Minnesota)**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
BUSTAMANTE, O'HARA & GAGLIASSO
Robert Gagliasso (162082) / Andrew Stearns (164849)
333 W. San Carlos St., 8th Fl., San Jose, CA 95110
Telephone: (408) 977-1911

Attorneys (If Known)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Vernon Granneman (083529) / Dianne Sweeney (187198)
2475 Hannover Street, Palo Alto, CA 94304
Telephone: (650) 233-4500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (CAFA) (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☒ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC section 1332(d), 1453 (Class Action Fairness Act ("CAFA")
Brief description of cause:
Plaintiff's allegations include products liability, breaches of warranties and misrepresentations.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE
June 2, 2008

SIGNATURE OF ATTORNEY OF RECORD
Dianne L. Sweeney

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT TO CIVIL COVER SHEET

I (c)    DEFENDANTS Select Comfort Retail Corporation and Bed Bath & Beyond, Inc.

Attorneys
OPPENHEIMER WOLFF & DONNELLY LLP
ANDREW S. HANSEN (*Pro Hac Vice* application pending)
HEIDI A. O. FISHER (*Pro Hac Vice* application pending)
MEGHAN M. ANZELC (*Pro Hac Vice* application pending)
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN  55402
Telephone: (612) 607-7000

# EXHIBIT

# A

1 Robert M. Gagliasso, SBN 162082
   Andrew V. Stearns, SBN 164849
2 **BUSTAMANTE, O'HARA & GAGLIASSO**
   River Park Tower
3 333 W. San Carlos St., 8th Floor
   San Jose, California 95110
4 Telephone: (408) 977-1911
   astearns@loboinc.com
5
   Attorneys for Plaintiff
6 MOLLY STEARNS

7

8

9             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                IN AND FOR THE COUNTY OF SANTA CLARA

11                              * * *      **108CV111331**

12 MOLLY STEARNS,                 ) Case No.
                                  )
13             Plaintiff,         )
                                  )
14 vs.                            ) **CLASS ACTION COMPLAINT FOR:**
                                  ) **(1) STRICT PRODUCTS LIABILITY;**
15 SELECT COMFORT RETAIL          ) **(2) BREACH OF EXPRESS**
   CORPORATION, a Minnesota Corporation; ) **WARRANTY;**
16 BED BATH & BEYOND, INC., a New ) **(3) BREACH OF IMPLIED**
   York Corporation; and DOES 1 through ) **WARRANTY;**
17 50,000, inclusive,            ) **(4) CONCEALMENT;**
                                  ) **(5) INTENTIONAL**
18             Defendants.        ) **MISREPRESENTATION; AND**
                                  ) **(6) NEGLIGENT**
19                                ) **MISREPRESENTATION**
                                  )
20                               ) **DEMAND FOR JURY TRIAL**

21        COMES NOW PLAINTIFF AND ALLEGES AS FOLLOWS:

22                          **INTRODUCTION**

23        1.   Plaintiff MOLLY STEARNS brings this action on behalf of herself and as a

24 representative of the common or general interest pursuant to Code of Civil Procedure §382 and as a

25 class representative for all others similarly situated who purchased a Sleep Number® bed designed,

26 manufactured, distributed and sold by defendant SELECT COMFORT RETAIL CORPORATION

27 and its agents.

28 //

Page 1
CLASS ACTION COMPLAINT

1

## JURISDICTION AND VENUE

2    2.    This Court has jurisdiction over this action pursuant to Code of Civil Procedure

3    §410.10.  Plaintiff seeks damages on behalf of herself and all others similarly situated under the

4    laws of the State of California and the similar common and statutory law in effect for other states.

5    3.    Defendant SELECT COMFORT RETAIL CORPORATION has sufficient minimum

6    contacts with the State of California through the promotion, sale, marketing and/or distribution of

7    its Sleep Number® bed to render the exercise of jurisdiction by the State of California permissible

8    under traditional notions of fair play and substantial justice.

9    4.    Defendant BED, BATH & BEYOND, INC. has sufficient minimum contacts with the

10    State of California through the use of retail stores for the promotion, sale, marketing and/or

11    distribution of its products to render the exercise of jurisdiction by the State of California

12    permissible under traditional notions of fair play and substantial justice.

13    5.    The amount in controversy is in excess of the jurisdictional minimums of this Court.

14    6.    Venue is proper in this Court pursuant to Code of Civil Procedure §393 and Civil

15    Code §1788(c), because the acts upon which this action is based occurred in part in this county.

16    The general public was damaged and subjected to irreparable harm in this venue due to defendants'

17    unfair, unlawful and deceptive business activities in this county.  Further, defendants received

18    substantial compensation and profits in this county

19

## PARTIES

20    7.    Plaintiff MOLLY STEARNS ("STEARNS") at all times relevant hereto, was an

21    individual and a resident of the County of Santa Clara, State of California.

22    8.    Plaintiff is informed and believes and thereon alleges that defendant SELECT

23    COMFORT RETAIL CORPORATION ("SELECT COMFORT"), at all times relevant hereto, was

24    a Minnesota corporation duly authorized to do business and doing business within the State of

25    California and in all states of the United States of America.

26    9.    Plaintiff is informed and believes and thereon alleges that SELECT COMFORT's

27    principle place of business is 9800 58th Avenue North, Minneapolis, Minnesota  55442.

28    10.  Plaintiff is informed and believes and thereon alleges that defendant BED BATH &

1  BEYOND, INC. ("BBB"), at all times relevant hereto, was a New York corporation duly authorized

2  to do business and doing business in the State of California.

3      11.  Plaintiff is informed and believes and thereon alleges that BBB's principle place of

4  business is 650 Liberty Avenue, Union, New Jersey  07083.

5      12.  Plaintiff is informed and believes and thereon alleges that Defendant BBB was an

6  authorized retail distributor of products manufactured by defendant SELECT COMFORT, including

7  but not limited to the Sleep Number® bed.

8      13.  The true names and capacities, whether individual, corporate or otherwise of

9  defendant DOES 1 through 50,000, inclusive, are unknown to plaintiff, who therefore sues said

10  defendants by said fictitious names.  Plaintiff is informed and believes and thereon alleges that each

11  defendant sued herein under a fictitious name is responsible in some manner for the events and

12  occurrences referred to herein.  When the true names, capacities, and involvements of said

13  defendants are ascertained, plaintiff will seek leave to amend its Complaint accordingly.

14      14.  Plaintiff is informed and believes and thereon alleges that at all times referred to

15  herein, each defendant, including DOES 1 through 50,000, inclusive, was the agent, distributor,

16  supplier, manufacturer, reseller, shipper, servant, employee, independent contractor, consultant, or

17  partner of each of the remaining defendants, and was acting within the scope of that agency,

18  employment, or relationship at all times relevant hereto.  Further, the acts of defendants, and each of

19  them, were ratified by said remaining defendants, and each of them.

20              **FACTUAL ALLEGATIONS**

21      15.  Plaintiff is informed and believes and thereon alleges that beginning in 1987,

22  defendant SELECT COMFORT commenced design, manufacture and distribution of its Sleep

23  Number® bed.

24      16.  Defendant advertised and promoted its Sleep Number® bed through celebrities such

25  as Lindsay Wagner.

26      17.  Defendant also advertised and promoted its Sleep Number® bed by entering into

27  agreements with Radisson Hotels & Resorts whereby each room would be furnished with Sleep

28  Number® beds; providing Sleep Number® beds to Ronald McDonald House Charities, Fisher

1   House Foundation and other health organizations; and entering into agreements with Winnebago

2   Industries to install the Sleep Number® bed in motor homes.

3       18. Defendant's advertising and promotional materials represented that the Sleep

4   Number® bed relieves back pain and improves sleep quality to facilitate a more satisfactory quality

5   of life. "With your new SELECT COMFORT® sleep system, a *perfect* night's sleep is not only

6   possible, it can be yours forever. Starting tonight." *See*, Exhibit A, attached hereto and made a part

7   hereof.

8       19. Plaintiff is informed and believes and thereon alleges that SELECT COMFORT

9   advertised its Sleep Number® bed throughout the United States.

10       20. Plaintiff is informed and believes and thereon alleges that SELECT COMFORT sold

11   its Sleep Number® bed directly to the general public.

12       21. Plaintiff is informed and believes and thereon alleges that SELECT COMFORT also

13   entered into distribution and/or reseller agreements with certain entities to sell the Sleep Number®

14   bed to the general public.

15       22. Plaintiff is informed and believes and thereon alleges that SELECT COMFORT

16   entered into an agreement with BBB to sell the Sleep Number® bed at BBB's retail stores.

17       23. Plaintiff is informed and believes and thereon alleges that SELECT COMFORT

18   entered into numerous retail agreements with defendants, named herein as DOE defendants, over a

19   period of years.

20       24. In reliance upon the advertising representations, plaintiff STEARNS purchased her

21   Sleep Number® bed in 2000. She purchased the bed through BBB.

22       25. Plaintiff is informed and believes and thereon alleges that commencing at a date

23   known only to defendants, defendants received complaints about the mold growing in the Sleep

24   Number® beds.

25       26. Plaintiff is informed and believes and thereon alleges that at some point in time,

26   known to defendants, and each of them, but not to plaintiff, defendants became aware that the Sleep

27   Number® bed was inherently defective in that it had a propensity to develop and incubate mold.

28       27. After becoming aware of the inherent defect of the Sleep Number® bed, defendants,

1    and each of them failed, and continue to fail, to warn Class Members of the inherent defect and the

2    potential for adverse health consequences.

3        28.  After becoming aware of the inherent defect of the Sleep Number® bed, defendants,

4    and each of them failed, and continue to fail, to recall the beds or otherwise provide notice to

5    purchasers of the inherent defect and the potential for adverse health consequences.

6        29.  Plaintiff is informed and believes and thereon alleges that when purchasers of the

7    Sleep Number® bed reported mold in their bed to SELECT COMFORT, SELECT COMFORT

8    would agree to purchase back the bed as long as it received the defective product.  Plaintiff is

9    further informed and believes and thereon alleges that this procedure was part of a fraudulent

10   scheme to keep the public at large from learning of the defective nature of the product and to

11   destroy evidence and escape liability.

12       30.  Plaintiff is informed and believes and thereon alleges that in or around 2005, SELECT

13   COMFORT redesigned its product to specifically address the continuing problems associated with

14   the development of mold growth and development within the Sleep Number® bed.

15       31.  Plaintiff STEARNS suffered severe pulmonary distress as a direct and proximate

16   result of the mold contamination within her Sleep Number® bed.  As part of the investigation into

17   the cause of her pulmonary condition, she underwent a lung biopsy in addition to taking numerous

18   rounds of antibiotics.

19       32.  Plaintiff is informed and believes and thereon alleges that Class Members have

20   suffered allergies, asthma and other pulmonary distress and/or disease as a direct and proximate

21   result of using the Sleep Number® bed in a normal and customary manner.

22       33.  As a result of the defendants' misconduct, and each of them, plaintiff, and members of

23   the Class have suffered actual damages in that the Sleep Number® beds are inherently defective,

24   have a propensity to grow mold, and cause serious health damage to individuals who sleep on these

25   beds.  Plaintiff and Class members will have to pay for replacement of their beds, hazardous waste

26   disposal fees, and medical fees associated with owing a Sleep Number® bed.

27                        **CLASS ACTION ALLEGATIONS**

28       34.  Plaintiff brings this action on behalf of herself and all persons similarly situated in the

1   United States as members of a proposed class pursuant to Code of Civil Procedure §382. This

2   action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority

3   requirements of each of these provisions. **The Class is defined as: All original purchasers and**

4   **users of a Select Number® bed manufactured by SELECT COMFORT between January 1,**

5   **1987 and December 31, 2005.**

6       35.  The class is quite numerous, making joinder of all members in one action

7   impracticable.  Although the exact number of Class Members is unknown at this time, plaintiff is

8   informed and believes and thereon alleges that this information is readily available to defendant

9   SELECT COMFORT and can be identified through SELECT COMFORT's sales records, customer

10  service complaint records, and warranty claims records and through public notification.

11      36.  There is a well defined community of interest among the members of the Class.  The

12  claims of the representative plaintiff are typical of the Class, in that plaintiff, like all Class

13  Members, purchased a Sleep Number® bed manufactured by SELECT COMFORT.  The bed is

14  infested by mold growth.. The mold has caused plaintiff personal injury.

15      37.  The Class Members will all be damaged in that they will need to purchase new

16  mattresses, pay the cost of disposal of a potentially hazardous material, and seek medical treatment

17  for allergic reactions to the mold growing in their bed.

18      38.  The factual basis of defendants' misconduct are common to all Class Members and

19  represent a common thread of fraudulent, deliberate, malicious and negligent misconduct resulting

20  in injury to the Class Members.

21      39.  There are numerous questions of law and fact common to Class Members that

22  predominate over any questions that may affect individual Class Members, including, without

23  limitation the following:

24        a.  Is the Sleep Number® bed inherently defective?

25        b.  When did SELECT COMFORT know or should have known thatthe Sleep

26            Number® bed is inherently defective?

27        c.  When did SELECT COMFORT know that the Sleep Number® bed is subject to

28            mold infestation under normal use?

1     d.   Did SELECT COMFORT notify its distributors that the Sleep Number® bed is

2         subject to mold infestation and potentially harmful to users' health under normal

3         use?

4     e.   What did SELECT COMFORT do to notify owners of the Sleep Number® bed of

5         the inherent defect and health danger?

6     f.   Did SELECT COMFORT notify its distributors of the inherent defect in the Sleep

7         Number® bed and the potential for serious health dangers?

8     g.   If so, when did it provide such notice?

9     h.   What did the distributors of the Sleep Number® bed do to notify their customers of

10        the inherent defect in the Sleep Number® bed and its potential halth hazzards?

11     i.   How much did Class Members pay for their Sleep Number® bed?

12     j.   What damages have Class Members suffered?

13     40.  The claims of the representative plaintiff are typical of the claims of the Class

14 Members. The representative plaintiff purchased a Sleep Number® bed without knowledge of the

15 inherently defective nature of the product. Investigation revealed that the Sleep Number® bed was

16 covered in mold. Plaintiff suffered personal injury.

17     41.  The representative plaintiff will fairly and adequately protect the interests of the

18 Class. Plaintiff has retained counsel with substantial experience in litigating class action cases,

19 involving defective products and defective home construction. Plaintiff and her counsel are

20 committed to prosecuting this action vigorously on behalf of the Class, and have the financial

21 resources to do so. Neither plaintiff nor her counsel has any interests contrary to or a disabling

22 conflict with those of the Class they seek to represent.

23     42.  Plaintiff and the members of the Class have suffered and will continue to suffer harm

24 and damage as a result of defendants' unlawful and wrongful conduct. A class action is superior to

25 other available methods for the fair and efficient adjudication of the controversy. Absent a class

26 action, most members of the Class likely would find the cost of litigating their claims to be

27 prohibitive, and would have no effective remedy at law. Because of the relatively small size of the

28 individual Class Member's claims, it is likely that only a few Class Members could afford to seek

1  legal redress for defendants' misconduct. Absent a Class Action, Class Members will continue to

2  incur damages and defendants' misconduct will continue without remedy. Class treatment of

3  common questions of law and fact would also be superior to multiple individual actions or

4  piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants,

5  and will promote consistency and efficiency of adjudication.

6       43. Plaintiff and her counsel are entitled to recover attorney's fees as private attorney

7  general for enforcing an important right affecting a large class of persons pursuant to Code of Civil

8  Procedure §1021.5 and other statutory law.

9  **FIRST CAUSE OF ACTION**

10  **STRICT PRODUCTS LIABILITY**

11       44. Plaintiff hereby incorporates by reference all allegations set forth above as though set

12  forth fully herein.

13       45. The Sleep Number® bed is inherently defective in that it allows mold to develop and

14  incubate when the product is used as intended.

15       46. At all times relevant hereto defendant SELECT COMFORT was the designer,

16  manufacturer, wholesaler and retailer of the Sleep Number® bed.

17       47. At all times relevant hereto defendant BBB was a retailer of the Sleep Number® bed.

18       48. Plaintiff is informed and believes and thereon alleges that defendants Does 1 through

19  50,000 were either designers, material suppliers, distributors, manufacturers, wholesalers and/or

20  retailers of the Sleep Number® bed.

21       49. Defendants, and each of them placed the Sleep Number® bed into the stream of

22  commerce.

23       50. As a direct and proximate result of the design and manufacture of the Sleep Number®

24  bed, the product was defective when it was sold and delivered to Class Members.

25       51. Plaintiff is informed and believes and thereon alleges that some time in 2005,

26  SELECT COMFORT changed or otherwise altered the design of the Sleep Number® bed to correct

27  the mold infestation issues.

28       52. At no time prior to STEARNS' discovery of mold in her bed on April 22, 2008, did

1  SELECT COMFORT notify STEARNS that her bed was inherently defective subject to mold

2  infestation from normal use and potentially hazardous to her health.

3      53.  Plaintiff is informed and believes and thereon alleges that SELECT COMFORT did

4  not notify any Class Members that the product was inherently defective, and subject to mold

5  infestation. from normal use and a potential health risk..

6      54.  It is not reasonably foreseeable for Class Members to expect that their Sleep

7  Number® bed would develop mold from normal use.

8      55.  Defendants, and each of them, had a duty to warn Class Members of the inherent

9  defect in the product and the potential harmful health consequences.

10     56.  Defendants, and each of them, breached this duty to warn, thereby exposing Class

11  Members to additional health risks.

12     57.  As a direct and proximate result of the acts and/or omissions of defendants, and each

13  of the, plaintiff, and Class Members, have suffered damage in an amount to be shown according to

14  proof.

15     58.  Defendants, and each of them, did these things alleged above maliciously,

16  fraudulently and to oppress plaintiff and Class Members thereby entitling plaintiff and Class

17  Members to punitive damages.

18      WHEREFORE, plaintiff prays for relief as hereinafter set forth.

19                       **SECOND CAUSE OF ACTION**

20                    **BREACH OF EXPRESS WARRANTY**

21     59.  Plaintiff hereby incorporates by reference all allegations set forth above as though set

22  forth fully herein.

23     60.  Defendant SELECT COMFORT provides an express Limited Warranty with the

24  Sleep Number® bed.  Attached hereto as Exhibit "A" and made a part hereof is a true and correct

25  copy of said Limited Warranty ("Limited Warranty").

26     61.  The Limited Warranty provides that "Select Comfort Corporation ("Select Comfort")

27  warrants to the original purchaser that their Select Comfort sleep system (mattress and/or

28  foundation) will be free from defects in material and workmanship for a period of twenty years

1   from the original purchase date."

2       62.   The materials and or workmanship of the Sleep Number® bed are inherently defective

3   causing the bed to become filled with mold resulting in potential health and environmental

4   problems to Class Members.

5       63.   As a direct and proximate result of the purchase and proper use of the inherently

6   defective product, plaintiff and Class Members have been damaged in an amount to be shown

7   according to proof.

8       WHEREFORE, plaintiff prays for relief as hereinafter set forth.

9   **THIRD CAUSE OF ACTION**

10   **BREACH OF IMPLIED WARRANTY**

11       64.   Plaintiff hereby incorporates by reference all allegations set forth above as though set

12   forth fully herein.

13       65.   The Limited Warranty provides **"ANY IMPLIED WARRANTIES APPLICABLE**

14   **TO THIS PRODUCT, INCLUDING ANY WARRANTIES OR MERCHANTABILITY AND**

15   **FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE**

16   **DURATION OF THIS WRITTEN LIMITED WARRANTY."** *See*, Exhibit "A".

17       66.   The implied warranties of fitness and merchantability apply for 20 years pursuant to

18   the Limited Warranty.

19       67.   Defendants, and each of them, impliedly warranted that the Sleep Number® bed was

20   fit for its intended purpose, free from material defect and would not cause adverse health

21   consequences when used as intended.

22       68.   Defendants, and each of them, breached the implied warranty by designing,

23   manufacturing, distributing and selling a product that was inherently defective and not of

24   merchantable quality nor fit for its intended purpose.

25       69.   As a direct and proximate result of the purchase and proper use of the inherently

26   defective product, plaintiff and Class Members have been damaged in an amount to be shown

27   according to proof.

28       WHEREFORE, plaintiff prays for relief as hereinafter set forth.

CLASS ACTION COMPLAINT

1

## FOURTH CAUSE OF ACTION

2

## CONCEALMENT

3    70.  Plaintiff hereby incorporates by reference all allegations set forth above as though set

4    forth fully herein.

5    71.  Defendants, and each of them, intentionally concealed from the public at large that the

6    Sleep Number® bed was inherently defective.

7    72.  Defendants, and each of the, intentionally concealed from the public at large that the

8    Sleep Number® bed was subject to unreasonable mold infestation.

9    73.  Defendants, and each of them, willfully concealed the true facts.  The true facts were

10   that the Sleep Number® bed has a propensity to grow mold resulting in potential personal injury to

11   individuals who come into contact with the mold.

12   74.  As a result of their knowledge and expertise about the Sleep Number® bed and the

13   harmful health effects associated with the normal use of the product, defendants, and each of them,

14   owed a duty to Class Members to warn them of these harmful health effects and the propensity of

15   the product to grow mold.

16   75.  Defendants, and each of them, breached this duty, and have continued to breach this

17   duty, by failing to warn Class Members and by failing to recall the Sleep Number® bed.

18   76.  By not providing notice to Class Members, STEARNS and Class Members have

19   continued to use the Sleep Number® bed to their detriment, causing additional long term health

20   consequences.

21   77.  Plaintiff is informed and believes and thereon alleges that defendants, and each of

22   them, instituted a method and procedure in furtherance of their concealment by agreeing to pay any

23   purchaser who complained about the Sleep Number® bed the full amount of the purchase price so

24   long as the bed was returned to SELECT COMFORT.

25   78.  By having the Class Members return their Sleep Number® bed, defendants, and each

26   of them intentionally concealed and destroyed evidence adverse to the Class Members' interest.

27   79.  By having the Class Members return their contaminated Sleep Number® bed,

28   defendants subjected numerous other individuals to mold contamination, including, but not limited

1    to shipping handlers and its employees who received the products from the Class Members.

2        80.  The express Limited Warranty provides for a scale reduction in price based on years

3    in service.  Plaintiff is informed and believes and thereon alleges that SELECT COMFORT's return

4    policy for beds experiencing mold growth is a full refund, contrary to the express Limited Warranty.

5        81.  The failure to disclose the true facts was performed intentionally and with the intent to

6    induce reliance upon purchasers and to avoid having to pay money by means of a recall or other

7    action to remove the defective products from the market.

8        82.  As a direct and proximate result of the acts and/or omissions of defendants, and each

9    of the, plaintiff, and Class Members, have suffered damage in an amount to be shown according to

10   proof.

11       83.  Defendants, and each of them, did these things alleged above maliciously,

12   fraudulently and to oppress plaintiff and Class Members thereby entitling plaintiff and Class

13   Members to punitive damages.

14       WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

15                 **FIFTH CAUSE OF ACTION**

16              **INTENTIONAL MISREPRSENTATION**

17       84.  Plaintiff hereby incorporates by reference all allegations set forth above as though set

18   forth fully herein.

19       85.  Defendants, and each of them, marketed, advertised and sold the Sleep Number® bed

20   representing that this bed would provide plaintiff and Class Members with a perfect night's sleep.

21   "…a *perfect* night's sleep is not only possible, it can be yours forever.  Starting tonight."

22       86.  At the time defendants made these representations, they knew they were not true.  The

23   true facts were that the product was inherently defective and could cause serious and permanent

24   bodily injury to Class Members.

25       87.  Plaintiff and Class Members reasonably relied upon these statements in purchasing

26   their Sleep Number® bed.

27       88.  The Sleep Number® bed was not and does not  provide the perfect night's sleep, but

28   rather, was and is very dangerous when put to its intended purpose and when used as instructed by

1   defendants.

2          89.  As a direct and proximate result of the purchase and proper use of the inherently

3   defective product, plaintiff and Class Members have been damaged in an amount to be shown

4   according to proof.

5          90.  Defendants, and each of them, did these things alleged above maliciously,

6   fraudulently and to oppress plaintiff and Class Members thereby entitling plaintiff and Class

7   Members to punitive damages.

8          WHEREFORE, plaintiff prays for relief as hereinafter set forth.

9                              SIXTH CAUSE OF ACTION

10                            NEGLIGENT MISREPRSENTATION

11          91.  Plaintiff hereby incorporates by reference all allegations set forth above as though set

12   forth fully herein.

13          92.  Defendants, and each of them, marketed, advertised and sold the Sleep Number® bed

14   representing that this bed would provide plaintiff and Class Members with a perfect night's sleep.

15   "...a *perfect* night's sleep is not only possible, it can be yours forever.  Starting tonight."

16          93.  At the time defendants made these representations, they had no reason to believe they

17   were true.  Defendants had already received complaints about the propensity of the product to

18   become inundated with mold.

19          94.  At the time defendants made these statements they knew or should have known that

20   they were false and that the true facts were that the product was inherently defective and could

21   cause serious and permanent bodily injury to Class Members.

22          95.  Plaintiff and Class Members reasonably relied upon these statements in purchasing

23   their Sleep Number® bed.

24          96.  The Sleep Number® bed was not going to provide the perfect night's sleep, but rather,

25   was very dangerous when put to its intended purpose and when used as instructed by defendants.

26          97.  As a direct and proximate result of the purchase and proper use of the inherently

27   defective product, plaintiff and Class Members have been damaged in an amount to be shown

28   according to proof.

CLASS ACTION COMPLAINT

1    98.  Defendants, and each of them, did these things alleged above maliciously,

2   fraudulently and to oppress plaintiff and Class Members thereby entitling plaintiff and Class

3   Members to punitive damages.

4       WHEREFORE, plaintiff prays for relief as hereinafter set forth.

5            **PRAYER FOR RELIEF ON ALL CAUSES OF ACTION**

6       WHEREFORE, plaintiff prays for relief as follows:

7   1.    For general and special damages according to proof;

8   2.    For costs of suit incurred herein;

9   3.    For punitive and exemplary damages;

10  4.    For attorneys' fees and costs;

11  5.    For pre- and post-judgment interest as allowed by law;

12  6.    For all injunctive relief as this Court deems proper; and

13  7.    For such other and further relief as this Court deems proper

14

15            **JURY DEMAND**

16  Plaintiff hereby demands a trial by jury.

17

18  DATE: April 25, 2008                    BUSTAMANTE O'HARA & GAGLIASSO

19

20                                          ROBERT M. GAGLIASSO

21                                          Counsel of Record for Plaintiff MOLLY
                                            STEARNS

22

23

24

25

26

27

28

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Robert M. Gagliasso (SBN 162082)
Andrew V. Stearns (SBN 164849)
Bustamante, O'Hara & Gagliasso
333 W. San Carlos Street, 8th Floor
San Jose, CA 95110
TELEPHONE NO.: (408) 977-1911    FAX NO.: (408) 977-0746
ATTORNEY FOR *(Name):* Molly Stearns

**FOR COURT USE ONLY**

ENDORSED

2008 APR 25 P 1: 14

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY_____ A. Arias

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS: 191 N. First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Civil - Unlimited

**CASE NAME:** Stearns v. Select Comfort Retail
Corporation, et al.

108CV111331

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [X] Substantial amount of documentary evidence
  d. [X] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [X] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify):* 6

**5.** This case [X] is  [ ] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 25, 2008

Robert M. Gagliasso
*(TYPE OR PRINT NAME)*                                              *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**CIVIL LAWSUIT NOTICE**

ATTACHMENT CV-5012

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **108CV111331**

---

### READ THIS ENTIRE FORM

---

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANTS* (The person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
2. You must send a copy of your written response to the plaintiff; and
3. You must attend the first Case Management Conference.

**Warning:** If you do not do these three things, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scsuperiorcourt.org/civil/rule1foc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* **Mary Jo Levinger**        Department: __5__

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: __SEP 1 6 2008__ Time: __2:15 PM__ in Department __5__

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ in Department _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

**CIVIL LAWSUIT NOTICE**

Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
   < The parties want a non-adversary procedure
   < The parties have a continuing business or personal relationship
   < Communication problems are interfering with a resolution
   < There is an emotional element involved
   < The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

1  Robert M. Gagliasso, SBN 162082
   Andrew V. Stearns, SBN 164849
2  BUSTAMANTE, O'HARA & GAGLIASSO
   River Park Tower
3  333 W. San Carlos St., 8th Floor
   San Jose, California 95110
4  Telephone: (408) 977-1911
   astearns@loboinc.com
5
   Attorneys for Plaintiff
6  MOLLY STEARNS

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 IN AND FOR THE COUNTY OF SANTA CLARA

11                              * * *

12  MOLLY STEARNS,                 )  Case No. 108CV111331
                                   )
13              Plaintiff,         )
                                   )
14  vs.                            )  ERRATA SHEET TO CLASS ACTION
                                   )  COMPLAINT FOR:
15  SELECT COMFORT RETAIL          )  (1) STRICT PRODUCTS LIABILITY;
    CORPORATION, a Minnesota Corporation;  )  (2) BREACH OF EXPRESS
16  BED BATH & BEYOND, INC., a New )  WARRANTY;
    York Corporation; and DOES 1 through  )  (3) BREACH OF IMPLIED
17  50,000, inclusive,            )  WARRANTY;
                                   )  (4) CONCEALMENT;
18              Defendants.        )  (5) INTENTIONAL
                                   )  MISREPRESENTATION; AND
19                                 )  (6) NEGLIGENT
                                   )  MISREPRESENTATION
20                                 )
                                   )  DEMAND FOR JURY TRIAL
21

22      COMES NOW PLAINTIFF AND ALLEGES AS FOLLOWS:

23      Plaintiff filed a Class Action Complaint on April 25, 2008 in the above entitled Court. It has

24  come to the attention of plaintiff that Exhibit "A" to the Class Action Complaint was erroneously

25  omitted from the Class Action Complaint when it was filed. Reference is made to Exhibit "A" in

26  paragraphs 18, 60 and 65 of the Class Action Complaint. Therefore, attached hereto as Exhibit "A"

27  is the Exhibit "A" referenced in the Class Action Complaint.

28

---

Page 1
ERRATA SHEET TO CLASS ACTION COMPLAINT

ENDORSED
2008 APR 28  PM 2:18
KIRI TORRE, CEO
SUPERIOR COURT OF CA.
CO. OF SANTA CLARA
BY_____DEPUTY
B. CHOPOFF

1    Respectfully submitted,

2

3    DATE: April 28, 2008                    BUSTAMANTE O'HARA & GAGLIASSO

4

5                                            ROBERT M. GAGLIASSO

6                                            Counsel of Record for Plaintiff MOLLY
                                             STEARNS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2
ERRATA SHEET TO CLASS ACTION COMPLAINT



# A Sleeper's Guide

*Ultra Series*



SELECT COMFORT
The Air-Bed Company



At the risk of being overly dramatic, this little brochure could change your life.

Look at it this way: You spend at least a third of your life in bed. And the way you sleep often affects all of your waking hours.

With your New SELECT COMFORT® sleep system, a *perfect* night's sleep is not only possible, it can be yours forever. Starting tonight.

Please take a few minutes to learn how the Select Comfort sleep system works. After that, the rest is easy. For any assistance or comments, call our Customer Service product experts at 1-800-472-7185.

# Table Of Contents

**p a g e**

1    Firmness Control System & Remote Control

3    Find The Sleep Number That's Perfect For You

5    Why Sleep Numbers Sometimes Fluctuate

6    Answers To Frequently Asked Questions ...

9    ...and Answers to Infrequently Asked Questions as Well

10    Customer Service

11    The Warranty

page

# Firmness Control System & Remote Control

The Firmness Control System (FCS) is an advanced air compressor that fills the air chambers and translates instructions from your Remote Control to adjust the firmness.

Plug it into any wall socket, preferably one not connected to an on/off wall switch. We recommend using a high quality surge protector with your unit. To be sure your FCS is receiving power, listen for a one-second "beep" when you plug the system in.

Each Remote Control has two firmness control buttons which send signals to the FCS, telling it to adjust and monitor the firmness levels. The buttons with an arrow pointing upward make the bed firmer. And the buttons that point down make the bed softer.

To change the firmness on either side of the bed, simply lie on your back. (You should always lie on the bed when checking or adjusting the firmness levels.)

You can *check* the firmness setting by pressing either button one time to "wake up" the FCS. As the Remote Control and FCS establish contact, the digital display will show either a dash "-" or your previous firmness setting for several seconds before giving a steady reading of your current firmness setting. You can now *adjust* the firmness setting up or down. Each time a button is pressed, the digital display will increase or decrease by 5 points.

When you have made your selection, the Remote Control will start blinking as the system begins to adjust. You should remain still and wait until the blinking stops before you check or try to change the number. Once the system has reached the desired firmness, the display will stop blinking, show the new setting and then turn off. You can now adjust the other chamber of the mattress, if you have a dual chamber style bed.



2



# Find The Sleep Number That's Perfect For You

With your new Select Comfort adjustable firmness sleep system, you will at last experience totally personalized sleep comfort. And it all begins by finding your Sleep Number.

A Sleep Number represents the precise combination of comfort, firmness and support that feels just right for you. Fortunately, determining yours is as easy as falling into bed. Simply lie down on your Select Comfort mattress in your usual sleeping position. By this we mean, if you normally sleep on your side, do so on your side.

Then, adjust the firmness control by pressing the buttons on the Remote Control, which displays your Sleep Number on its screen. "5" is the firmest and "100" is the least firm. It goes without saying that "100," as firm as it gets, is so you have no need of choices. So, somewhere in between you'll find a Sleep Number that's perfect for you.

Feel free to experiment with different settings. Most people find that a softer setting — even softer than you might normally consider — is more effective. Here's why: Unlike metal coil mattresses, even on softer settings, your Select Comfort sleep system contours to your unique shape to provide uniform support for your entire body.

Of course, once you've found your Sleep Number, you can change it anytime. For example, if you got a bad sunburn or strained your muscles doing yard-work, change your Sleep Number and customize your comfort to the way your body feels.

Remember, a Sleep Number is a measurement of your body's unique contours against the mattress surface. So even if you and your sleep partner are both comfortable at a setting of "35," it's likely that if you switched sides, the mattress wouldn't feel quite the same to either of you. Also, keep in mind that different sleeping positions will give slightly different Sleep Number readings.

Since everyone has a different body type and sleep preference, you may wish to use the suggested settings in the following chart as a starting point from which to experiment upward and downward.

Our experience has shown that it can take anywhere from one night to several weeks to find a Sleep Number that is just right for you. As your body gets used to the total support provided by the Select Comfort Sleep System, you may find yourself trying a few different settings at first.

If you have problems finding your ideal comfort setting, please call a Customer Service Representative at 1-800-472-7185, who will be happy to assist you.

| Suggested Initial Sleep Number Settings | | |
|---|---|---|
| (under 130) | 20 | 30 |
| (125-159) | 20 | 35 |
| 140-160 | 25 | 30 | 35 | 40 |
| (165-179) | | |
| 180-200 | 35 | 40 | 45 | 50 |

## Why Sleep Numbers Sometimes Fluctuate

Sleep Number readings can sometimes change even though you didn't make an adjustment. This does not mean that your mattress is leaking or mysteriously gaining air. The fluctuations you see in your Sleep Number can be caused by a variety of reasons, including weight and temperature conditions.

For example, when you're not in the bed the number will always change because there's no weight or support. The number automatically adjusts the same way a bathroom scale does. When you get off of it, Your Sleep Number could also change.

• Change in sleeper. _____

• Additional weight on the bed, such as a pet.

• Heat from electric blankets.

• Change in room temperature or weather.

Remember, you don't need to make an adjustment every time you notice a change in the Sleep Number. But if you feel uncomfortable or your bed feels different, just use your Remote Control to return to the setting you prefer.

## Answers To Frequently Asked Questions

**What if I cannot get comfortable on my Select Comfort air bed?**
Simply call our Customer Service product specialists will help you find your comfort level.

**What if there is no number displayed on the Remote Control?**
Check to see if the power cord is plugged in. _____ you _____ "second beep" when you plug the system in.

**What if the FCS shuts off before reaching my desired Sleep Number?**
As a safety feature, your FCS will shut off after 30 minutes of constant operation. We recommend setting your mattress, or when making large adjustments (which could take more than 30 minutes), your pump may turn off before reaching your desired setting. If this happens, simply re-enter your desired firmness level to continue.

**What if the FCS stops running at all?**
Check to see if the power cord is plugged in.

**Will my bed deflate if there's a power surge or loss of power during the night?**
No. Your mattress will maintain its firmness, even if power is interrupted. But to protect your FCS from power surges resulting from thunderstorms or power outages, we recommend using a surge protector with your system.



What if my Foam Comfort Pad appears too small?
Your Foam Comfort Pad is vacuum-packed for shipping. If it appears to be slightly small... not have fully recovered its shape. If you... the pad as you place it in your mattress to help... recover to its full size. (You should also be able... pull too vigorously on the foam as... Continue with assembly and the foam will recover to full size overnight.

The bed is too hot ... or too cold. What can I do to make it just right?
If you feel too warm, try using a 100% cotton mattress pad, cotton sheets and an open-weave cotton blanket. If you like a very warm bed, use an electric blanket or electric mattress pad.

...general instructions for the care of my...
We recommend spot cleaning with sparkling water... not... Do not dry clean the mattress... by all means, do not put it into a washing machine. Also, please do not stainguard the mattress... may cause yellowing of the fabric.

Are ... to prevent my sheets from slipping... mattress?
Many ... stores now sell "deep pocket"... sheets which are designed for high profile mattresses. You may also purchase special sheet ... hold your sheets in place.

What should I do if my bed requires warranty work or replacement parts?
Please contact our Customer Service Department with any questions about replacement parts or warranty issues. Before returning a part, Customer Service will give you an Authorization Number.

## ...and Answers to Infrequently Asked Questions as Well

*What if I want to return my bed* [...] *to try it?*

We hope you are completely satisfied with your [...] Comfort purchase, but if you decide to [...], contact Customer Service *before* [...] Call A Customer Service representative can [...] valuable tips on how to efficiently pack [...] suggest a shipping carrier to minimize [...] expense.

*How do I get credit for my purchase* [...] *to return my bed?*

Be sure to call Customer Service to [...] on or before the end of your 90 [...] (returns cannot be acce[...]) Customer Service will provide you with a Return Merchandise Authorization (RMA) number. The RMA number must be included with all products returned in order to [...] your return and promptly process your credit[...]

## Customer Service

If you ever have a question that has not been addressed in this guide or you need assistance finding your comfort level, the answer is just a phone call away.

### Call 1-800-472-7185

Representatives are available (Central Time):

- Monday to Friday 7:00 a.m. to 10:00 p.m.
- Saturday 8:00 a.m. to 5:30 p.m.
- Sunday 10:00 a.m. to 6:30 p.m.

# Limited Warranty

Select Comfort Corporation ("Select Comfort") warrants to the original purchaser that their Select Comfort sleep system (mattress and/or foundation) will be free from defects in material and workmanship for a period of twenty years from the original purchase date. This limited warranty does not cover conditions resulting from normal wear and tear. Conditions resulting from normal wear and tear include, but are not limited to: mattress cover compression, compression of foam, and discoloration of foam or air chambers. ANY IMPLIED WARRANTIES APPLICABLE TO THIS PRODUCT, INCLUDING ANY WARRANTIES OR MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED IN DURATION TO THE DURATION OF THIS WRITTEN LIMITED WARRANTY. Some states do not allow limitations on how long an implied warranty lasts, so the above limitations may not apply to you.

**Limitation of Remedies**

If warranty service resulting from a defect is required prior to the expiration of twenty years after the original purchase date, the original purchaser must deliver the defective product or component to a Select Comfort service center prior to such expiration at the original purchaser's expense. Upon such a delivery, Select Comfort will repair or replace, at Select Comfort's option, the defective product or component at a cost to the original purchaser to be computed using the following table based on the price of the defective product or component at the time the warranty claim is made or the price of a comparable product or component at such time if the product or component originally purchased is no longer in production (the "Price").

| Years After the Original Purchase Date | Select Comfort's Responsibility | Original Purchaser's Cost |
|---|---|---|
| Up to 5 | 100% of Price | No Cost |
| Between 5 and 20 | Price Less 5% of Price Per Year From Original Purchase Date | 5% of Price Per Year From Original Purchase Date |

For example, if a warranty claim arises twelve years after the original purchase date, the cost of the repair or replacement to the original purchaser would be 60% of the Price (that is, 5% of the Price for each of the twelve years) and Select Comfort would be responsible for 40% of the Price (that is, the Price less 5% of the Price for each of the twelve years). Repair or replacement of a product or component under the terms of this limited warranty in no way lengthens the limited warranty period.

The purchaser's exclusive remedy, IN LIEU OF ALL INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES, INCLUDING FOR NEGLIGENCE, is limited to repair or replacement of any product or component deemed to be defective under the terms and conditions stated above. Select Comfort will bear no other expenses. Some states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation may not apply to you.

Select Comfort Corporation reserves the right to refuse to repair or replace any product or component that is returned in an unsanitary condition. This limited warranty applies only to the product as used in the United States and Canada. It is not applicable in U.S. territories or other countries. This limited warranty does not apply in the event of misuse or abuse of the product. Select Comfort reserves the right to substitute products or components of equal or better quality if identical products or components are not available at the time of repair or replacement under this limited warranty. This limited warranty is non-transferable.

Do not attempt to make any repair yourself to a defective firmness control system. Tampering with or opening the system will void this limited warranty. This limited warranty does not cover any damage that may result from laundering or dry cleaning a mattress or foundation cover.

This limited warranty gives you specific legal rights, and you may also have other rights which vary from state to state.



# EXHIBIT
# B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SELECT COMFORT RETAIL CORPORATION, a Minnesota
Corporation; BED BATH & BEYOND, INC., a New York
Corporation; and DOES 1 through 50,000, inclusive

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| (ENDORSED) FILED |
| APR 30 '08 |
| KIRI TORRE CHIEF EXEC. OFFICER/CLERK SUPERIOR COURT COUNTY OF SANTA CLARA J. Cao-Nguyen DEPUTY |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MOLLY STEARNS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 108CV111331 |

Santa Clara County Superior Court
191 N. First Street
191 N. First Street
San Jose, CA 95113
Civil - Unlimited

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Gagliasso (SBN 162082)        (408) 977-1911    (408) 977-0746
Andrew V. Stearns (SBN 164849)
Bustamante, O'Hara &                     J. Cao-Nguyen
San Jose, CA 95110

DATE: APR 3 0 2008    Kiri Torre Chief Executive Officer/Clerk, Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Select Comfort Retail Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 5.5-08

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** Legal Solutions Plus | Page 1 of 1 Code of Civil Procedure §§ 412.20, 465 |

# EXHIBIT

# C

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SELECT COMFORT RETAIL CORPORATION, a Minnesota
Corporation; BED BATH & BEYOND, INC., a New York
Corporation; and DOES 1 through 50,000, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

(ENDORSED)
FILED

APR 30 08

KIRI TORRE
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT
COUNTY OF SANTA CLARA
J. CAO-NGUYEN
DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MOLLY STEARNS

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 N. First Street
191 N. First Street
San Jose, CA 95113
Civil - Unlimited

CASE NUMBER:
*(Número del Caso):* 108CV111331

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert M. Gagliasso (SBN 162082)          (408) 977-1911  (408) 977-0746
Andrew V. Stearns (SBN 164849)
Bustamante, O'Hara & Gagliasso                J. Cao-Nguyen
San Jose, CA 95110

DATE: APR 3 0 2008          Kiri Torre
*(Fecha)*          Chief Executive Officer/Clerk  Clerk, by _____, Deputy
                                                          *(Secretario)*        *(Adjunto)*

*For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bed Bath & Beyond Inc.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/1/08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT
# D

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   VERNON H. GRANNEMAN (SBN 083532)
2    vernon.granneman@pillsburylaw.com
   DIANNE L. SWEENEY (SBN 187198)
3    dianne.sweeney@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA  94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  OPPENHEIMER WOLFF & DONNELLY LLP
   ANDREW S. HANSEN (*Pro Hac Vice* application pending)
7    ahansen@oppenheimer.com
   HEIDI A. O. FISHER (*Pro Hac Vice* application pending)
8    hfisher@oppenheimer.com
   MEGHAN M. ANZELC (*Pro Hac Vice* application pending)
9    manzelc@oppenheimer.com
   Plaza VII, Suite 3300
10 45 South Seventh Street
   Minneapolis, MN  55402
11 Telephone: (612) 607-7000
   Facsimile: (612) 607-7100

12
   Attorneys for Defendants
13 SELECT COMFORT RETAIL CORPORATION
   and BED BATH & BEYOND, INC.
14
                    UNITED STATES DISTRICT COURT
15
                    NORTHERN DISTRICT OF CALIFORNIA
16
                         SAN JOSE DIVISION
17  _____
18 MOLLY STEARNS,                    )
                                     )  Case No.
19                    Plaintiff,     )
                                     )  **DECLARATION OF**
20      vs.                          )  **HUNTER SAKLAD**
                                     )
21 SELECT COMFORT RETAIL             )
   CORPORATION, a Minnesota Corporation;  )
22 BED BATH & BEYOND, INC., a New York )
   Corporation,                      )
23                                   )
                    Defendants.      )
24  _____)

25      I, Hunter Saklad, do hereby declare as follows:

26      1.    I am the Chief Financial Officer US Business Finance at Select Comfort

27 Corporation, whose wholly-owned subsidiary, Select Comfort Retail Corporation ("Select

28

                                   - 1 -                          DECLARATION

1  Comfort") is a defendant in this action. I make this declaration based upon my personal

2  knowledge and review of available documentation.

3      2.      Between January 1, 1987 and December 31, 2005, Select Comfort sold in

4  excess of 2.2 million Sleep Number® beds.

5      3.      Those sales resulted in revenue in excess of $3.3 billion.

6      I declare under penalty of perjury that the foregoing is true and correct to the best of

7  my knowledge, information, and belief.

8

9  Date: _6-2-08_

10

11             Hunter Saklad

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        DECLARATION

1

## CERTIFICATE OF SERVICE

2      I am employed in the State of California, in the office of a member of the bar of this

3 Court, at whose direction the service was made.  I am over the age of eighteen years, and

4 not a party to the within action. My business address is Pillsbury Winthrop Shaw Pittman

5 LLP, 2475 Hanover Street, Palo Alto, CA  94304-1114.   On **June 2, 2008**, I served the

6 documents titled:

7      1.    DECLARATION

8      on the parties in this action as follows:

9    Robert M. Gagliasso, Esq.
     Andrew V. Stearns, Esq.
10   Bustamante, O'Hara & Gagliasso
     River Park Tower
11   333 W. San Carlos, Eighth Floor
     San Jose, CA  95110

12

13  ☒   **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
         the United States mail at Palo Alto, CA.  I am readily familiar with the practice of
14       Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
         for mailing, said practice being that in the ordinary course of business, mail is deposited
15       in the United States Postal Service the same day as it is placed for collection.

16  ☐   **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
         transmission and the transmission was reported as complete and without error to the
17       numbers listed above.

18  ☐   **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
         electronic transmission to the persons at the electronic-email addresses indicated above.
19

    ☐   **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized
20       by _____ to receive documents to be delivered on the same date.  A proof of service
         signed by the authorized courier will be filed forthwith.
21

22  ☐   **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
         Winthrop Shaw Pittman LLP for collection and processing of correspondence for
         overnight delivery and know that the document(s) described herein will be deposited in
23       a box or other facility regularly maintained by Federal Express for overnight delivery.

24

25      I declare under penalty of perjury that the foregoing is true and correct.  Executed
    on June 2, 2008, at Palo Alto, California.
26

27                                             _____
                                                         Meri L. Y. Rose
28