1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   VERNON H. GRANNEMAN (SBN 083532)
2    vernon.granneman@pillsburylaw.com
   DIANNE L. SWEENEY (SBN 187198)
3    dianne.sweeney@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA  94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  OPPENHEIMER WOLFF & DONNELLY LLP
   ANDREW S. HANSEN (admitted *Pro Hac Vice*)
7    ahansen@oppenheimer.com
   HEIDI A. O. FISHER (admitted *Pro Hac Vice*)
8    hfisher@oppenheimer.com
   MEGHAN M. ANZELC (admitted *Pro Hac Vice*)
9    manzelc@oppenheimer.com
   Plaza VII, Suite 3300
10 45 South Seventh Street
   Minneapolis, MN  55402
11 Telephone: (612) 607-7000
   Facsimile: (612) 607-7100
12
   Attorneys for Defendants
13 SELECT COMFORT RETAIL CORPORATION
   and BED BATH & BEYOND, INC.
14
                  UNITED STATES DISTRICT COURT
15
              NORTHERN DISTRICT OF CALIFORNIA
16
                      SAN JOSE DIVISION
17  _____
                                          )
18 MOLLY STEARNS,                         )   Case No. C08-02746 JF
                                          )
19                        Plaintiff,      )   **DEFENDANTS' ANSWER TO**
                                          )   **PLAINTIFF'S FIRST CAUSE OF**
20      vs.                               )   **ACTION**
                                          )
21 SELECT COMFORT RETAIL                  )
   CORPORATION, a Minnesota Corporation;  )
22 BED BATH & BEYOND INC., a New York     )   Courtroom: 3, 5th Floor
   Corporation,                           )   Judge:       Hon. Jeremy Fogel
23                                        )
                        Defendants.       )
24  _____)

25

26      Defendants Select Comfort Retail Corporation ("Select Comfort") and Bed Bath &

27 Beyond Inc. ("Bed Bath & Beyond") for their Answer to Plaintiff's First Cause of Action in

28

1    Plaintiff's Complaint, deny each and every fact or allegation contained in Plaintiff's

2    Complaint unless specifically admitted or qualified in the paragraphs below.

3                                    **<ins>INTRODUCTION</ins>**

4        1.        Paragraph 1 does not contain any factual allegations requiring a response.

5    To the extent any response is required, Defendants deny the allegations in Paragraph 1.

6                            **<ins>JURISDICTION AND VENUE</ins>**

7        2.        The allegations contained in Paragraph 2 of Plaintiff's Complaint are

8    jurisdictional and do not require a response.

9        3.        The allegations contained in Paragraph 3 of Plaintiff's Complaint are legal

10   conclusions to which no response is required.

11       4.        The allegations contained in Paragraph 4 of Plaintiff's Complaint are legal

12   conclusions to which no response is required.

13       5.        The allegations contained in paragraph 5 of Plaintiff's Complaint are

14   jurisdictional to which no response is required.

15       6.        The allegations contained in paragraph 6 of Plaintiff's Complaint are

16   jurisdictional to which no response is required.

17                                    **<ins>PARTIES</ins>**

18       7.        Defendants are without sufficient knowledge or information to form a belief

19   as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and,

20   therefore, deny the allegations.

21       8.        Defendants admit the allegations contained in Paragraph 8 of Plaintiff's

22   Complaint.

23       9.        Defendants deny the allegations of paragraph 9 of Plaintiff's Complaint and

24   states that Select Comfort's principal place of business is 9800 59th Avenue North,

25   Minneapolis, Minnesota 55442.

26       10.       Defendants admit the allegations contained in Paragraph 10 of Plaintiff's

27   Complaint.

28

1    11.    Defendants admit the allegations contained in Paragraph 11 of Plaintiff's

2    Complaint.

3    12.    Defendants deny the allegations contained in Paragraph 12 of Plaintiff's

4    Complaint.

5    13.    Defendants are without sufficient knowledge or information to form a belief

6    as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and,

7    therefore, deny the allegations.

8    14.    Defendants are without sufficient knowledge or information to form a belief

9    as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and,

10    therefore, deny the allegations.

11    **<u>FACTUAL ALLEGATIONS</u>**

12    15.    Defendants admit that Select Comfort began distributing its Sleep Number®

13    bed in 1987. Defendants deny the remaining allegations contained in paragraph 15 of

14    Plaintiff's Complaint.

15    16.    Defendants admit the allegations contained in Paragraph 16 of Plaintiff's

16    Complaint.

17    17.    Defendants admit that Select Comfort has entered into agreements with

18    Radisson Hotels & Resorts and Winnebago Industries.  Defendants admits that Select

19    Comfort provides beds to Ronald McDonald House Charities and Fisher House

20    Foundation.  Defendants deny the remaining allegations contained in Paragraph 17 of

21    Plaintiff's Complaint.

22    18.    Defendants admit that Select Comfort's Sleeper's Guide contains the

23    language, "[w]ith your new SELECT COMFORT® sleep system, a *perfect* night's sleep is

24    not only possible, it can be yours forever. Starting tonight." Defendants deny the remaining

25    allegations contained in Paragraph 18 of Plaintiff's Complaint.

26    19.    Defendants admit the allegations contained in Paragraph 19 of Plaintiff's

27    Complaint.

28    20.    Defendants admit that Select Comfort sells directly to the public.

1    21.    Defendants deny the allegations contained in Paragraph 21 of Plaintiff's

2    Complaint.

3    22.    Defendants admit that Select Comfort and Bed, Bath & Beyond entered into

4    a contract relating to sales of Select Comfort's beds in Bed, Bath & Beyond's stores and

5    that the agreement speaks for itself.  Select Comfort denies the remaining allegations

6    contained in Paragraph 22 of Plaintiff's Complaint.

7    23.    Defendants are without sufficient knowledge or information to form a belief

8    as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and,

9    therefore, deny the allegations.

10    24.    Defendants are without sufficient knowledge or information to form a belief

11    as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and,

12    therefore, deny the allegations.  Defendants specifically deny that Plaintiff "purchased the

13    bed through" Bed, Bath & Beyond.

14    25.    Defendants admit that Select Comfort has received inquiries from customers

15    with questions and/or concerns about mold. Defendants deny the remaining allegations

16    contained in Paragraph 25 of Plaintiff's Complaint.

17    26.    Defendants deny the allegations contained in Paragraph 26 of Plaintiff's

18    Complaint.

19    27.    Defendants deny the allegations contained in Paragraph 27 of Plaintiff's

20    Complaint.

21    28.    Defendants deny the allegations contained in Paragraph 28 of Plaintiff's

22    Complaint.

23    29.    Defendants admit that Select Comfort, among other things, offers a full

24    purchase price refund to customers who have concerns about mold. Defendants deny the

25    remaining allegations contained in Paragraph 29 of Plaintiff's Complaint.

26    30.    Defendants admit that Select Comfort included product enhancements in its

27    beds in 2005, as it constantly does. Defendants deny the remaining allegations contained in

28    Paragraph 30 of Plaintiff's Complaint.

1      31.     Defendants are without sufficient knowledge or information to form a belief

2 as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint and,

3 therefore, deny the allegations.

4      32.     Defendants are without sufficient knowledge or information to form a belief

5 as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint and,

6 therefore, deny the allegations.

7      33.     Defendants deny the allegations contained in Paragraph 33 of Plaintiff's

8 Complaint.

9 **CLASS ACTION ALLEGATIONS**

10      34.     Defendants admit that Plaintiff purports to bring a class action.  Defendants

11 deny the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

12 Defendants note that they have brought a motion to strike Plaintiff's class claim and,

13 therefore, a response is not necessary.

14      35.     Defendants deny the allegations contained in Paragraph 35 of Plaintiff's

15 Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

16 claim and, therefore, a response is not necessary.

17      36.     Defendants deny the allegations contained in Paragraph 36 of Plaintiff's

18 Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

19 claim and, therefore, a response is not necessary.

20      37.     Defendants deny the allegations contained in Paragraph 37 of Plaintiff's

21 Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

22 claim and, therefore, a response is not necessary.

23      38.     Defendants deny the allegations contained in Paragraph 38 of Plaintiff's

24 Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

25 claim and, therefore, a response is not necessary.

26      39.     Defendants deny the allegations contained in Paragraph 39 of Plaintiff's

27 Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

28 claim and, therefore, a response is not necessary.

1    40.    Defendants deny the allegations contained in Paragraph 40 of Plaintiff's

2    Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

3    claim and, therefore, a response is not necessary.

4    41.    Defendants deny the allegations contained in Paragraph 41 of Plaintiff's

5    Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

6    claim and, therefore, a response is not necessary.

7    42.    Defendants deny the allegations contained in Paragraph 42 of Plaintiff's

8    Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

9    claim and, therefore, a response is not necessary.

10    43.    Defendants deny the allegations contained in Paragraph 43 of Plaintiff's

11    Complaint.  Defendants note that they have brought a motion to strike Plaintiff's class

12    claim and, therefore, a response is not necessary.

13                          **FIRST CAUSE OF ACTION**

14                          **STRICT PRODUCTS LIABILITY**

15    44.    Defendants reassert their responses to Paragraphs 1 through 43.

16    45.    Defendants deny the allegations contained in Paragraph 45 of Plaintiff's

17    Complaint.

18    46.    Defendants admit that Select Comfort was and is the designer, manufacturer,

19    wholesaler, and retailer of the Sleep Number® bed.  Defendants deny Plaintiff's

20    characterization of "times relevant hereto" and the remaining allegations contained in

21    Paragraph 46 of Plaintiff's Complaint.

22    47.    Defendants deny the allegations contained in Paragraph 47 of Plaintiff's

23    Complaint.

24    48.    Defendants are without sufficient knowledge or information to form a belief

25    as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Complaint and,

26    therefore, deny the allegations.

27

28

1   49.    The allegations contained in Paragraph 49 of Plaintiff's Complaint are vague

2   and ambiguous. Defendants therefore deny the allegations contained in Paragraph 49 of

3   Plaintiff's Complaint.

4   50.    Defendants deny the allegations contained in Paragraph 50 of Plaintiff's

5   Complaint.

6   51.    Defendants admit that Select Comfort enhanced its bed design in 2005 as

7   part of an effort to continually improve its product. Defendants deny the remaining

8   allegations contained in Paragraph 51 of Plaintiff's Complaint.

9   52.    Defendants admit that they did not notify Plaintiff, but deny the remaining

10   allegations contained in Paragraph 52 of Plaintiff's Complaint.

11   53.    Defendants deny the allegations contained in Paragraph 53 of Plaintiff's

12   Complaint.

13   54.    The allegations contained in Paragraph 54 of Plaintiff's Complaint are legal

14   conclusions to which no response is required.  To the extent a response is required,

15   Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

16   55.    Defendants deny the allegations contained in Paragraph 55 of Plaintiff's

17   Complaint.

18   56.    Defendants deny the allegations contained in Paragraph 56 of Plaintiff's

19   Complaint.

20   57.    Defendants deny the allegations contained in Paragraph 57 of Plaintiff's

21   Complaint.

22   58.    Defendants deny the allegations contained in Paragraph 58 of Plaintiff's

23   Complaint.

24                          **SECOND CAUSE OF ACTION**

25                          **BREACH OF EXPRESS WARRANTY**

26   59.    Defendants reassert their responses to Paragraphs 1 through 58.

27

28

1    60.    No response is required to the allegations contained in Paragraphs 60–63 of

2    Plaintiff's Complaint because Defendants have moved to dismiss and/or strike this cause of

3    action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 23.

4                                **THIRD CAUSE OF ACTION**

5                            **BREACH OF IMPLIED WARRANTY**

6    61.    Defendants reassert their responses to Paragraphs 1 through 63.

7    62.    No response is required to the allegations contained in Paragraphs 64–69 of

8    Plaintiff's Complaint because Defendants have moved to dismiss and/or strike this cause of

9    action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 23.

10                               **FOURTH CAUSE OF ACTION**

11                                    **CONCEALMENT**

12    63.    Defendants reassert their responses to Paragraphs 1 through 69.

13    64.    No response is required to the allegations contained in Paragraphs 70–83 of

14    Plaintiff's Complaint because Defendants have moved to dismiss and/or strike this cause of

15    action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 23.

16                                **FIFTH CAUSE OF ACTION**

17                          **INTENTIONAL MISREPRESENTATION**

18    65.    Defendants reassert their responses to Paragraphs 1 through 83.

19    66.    No response is required to the allegations contained in Paragraphs 84–90 of

20    Plaintiff's Complaint because Defendants have moved to dismiss and/or strike this cause of

21    action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 23.

22                                **SIXTH CAUSE OF ACTION**

23                          **NEGLIGENT MISREPRESENTATION**

24    67.    Defendants reassert their responses to Paragraphs 1 through 90.

25    68.    No response is required to the allegations contained in Paragraphs 91–98 of

26    Plaintiff's Complaint because Defendants have moved to dismiss and/or strike this cause of

27    action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 23.

28

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

3.      Plaintiff has no standing to pursue some or all of her claims.

4.      The action should be dismissed or transferred to another venue pursuant to the doctrine of *forum non conveniens*.

5.      Plaintiff has not pleaded any alleged fraud with the particularity required by Fed. R. Civ. P. 9(b) or other applicable law.

6.      Plaintiff failed to mitigate her damages, if any.

7.      Plaintiff cannot recover on her claims because Plaintiff's alleged damages, if any, were the result of intervening or superseding conduct of Plaintiff and/or third parties over whom the Defendants had no control.

8.      Defendants at all times acted in conformity with all applicable laws.

9.      Defendants breached no duty allegedly owed to Plaintiff.

10.     Plaintiff cannot recover on her claims for breach of implied warranties of fitness for a particular purpose because Defendants made no warranty for a particular purpose.

11.     Plaintiff cannot recover on her claims for breach of warranty because Plaintiff lacks privity with Defendants.

12.     Plaintiff's claims are barred by the express terms of the Express Limited Warranty.

13.     Defendants are not obligated with respect to certain of the sums claimed by Plaintiff for various reasons, such as the fact that the amount claimed is contrary to Defendants' Express Limited Warranty.

14.     Plaintiff has not complied with a condition precedent and/or her obligations regarding the Express Limited Warranty.

1       15.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines

2  of laches, unclean hands and estoppel.

3       16.     Plaintiff's cannot recover on her claims due to her contributory negligence

4  or under the doctrine of comparative fault.

5       **WHEREFORE**, Defendants respectfully request that:

6       1.     Plaintiff's Complaint be dismissed in its entirety with prejudice;

7       2.     Defendants be awarded their costs and expenses, including reasonable

8  attorneys' fees; and

9       3.     Defendants be awarded such other and further relief as this Court deems just

10  and proper.

11  Dated:  August 1, 2008.                   PILLSBURY WINTHROP SHAW PITTMAN LLP

12

13

14                          By  _/s/ Dianne L. Sweeney_

15                             Dianne L. Sweeney

                                  Attorneys for Defendants

16                             SELECT COMFORT RETAIL CORPORATION
                               AND BED BATH & BEYOND INC.

17  Dated:  August 1, 2008.                   OPPENHEIMER WOLFF & DONNELLY LLP

18

19

20                          By  _/s/ Andrew S. Hansen_

21                             Andrew S. Hansen
                               Attorneys for Defendants

22                             SELECT COMFORT RETAIL CORPORATION
                               AND BED BATH & BEYOND INC.

23

24      I hereby attest that I have the concurrence of Andrew Hansen to file this document.

25

26                          _/s/ Dianne L. Sweeney_

27                           Dianne L. Sweeney

28