Robert M. Gagliasso, SBN 162082
Andrew V. Stearns, SBN 164849
**BUSTAMANTE, O'HARA & GAGLIASSO**
River Park Tower
333 W. San Carlos St., 8th Floor
San Jose, California 95110
Telephone: (408) 977-1911
astearns@loboinc.com

Attorneys for Plaintiff
MOLLY STEARNS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN THE SAN JOSE DIVISION

* * *

| | |
|---|---|
| MOLLY STEARNS,<br><br>             Plaintiff,<br><br>vs.<br><br>SELECT COMFORT RETAIL CORPORATION, a Minnesota Corporation; BED BATH & BEYOND, INC., a New York Corporation; and DOES 1 through 50,000, inclusive,<br><br>             Defendants. | Case No. C 08 02746 JF<br><br>**OPPOSITION TO MOTION OF DEFENDANTS TO DISMISS AND TO STRIKE**<br><br>Date: September 5, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3, 5th Floor<br>Judge: Hon. Jeremy Fogel |

TABLE OF CONTENTS

Page

I. STATEMENT OF ISSUES ..................................................................................1

II. STANDARD OF REVIEW................................................................................. 2

III. LEGAL ARGUMENT.......................................................................................... 3

    A. The State Court Rules of Pleading Apply to the Complaint..........................3
    B. Select Comfort's Payment to Customers Does Not Absolve it
       of Liability......................................................................................................3
    C. Plaintiff Properly Pleaded Her Misrepresentation and Concealment
       Causes of Action............................................................................................4
    D. Plaintiff Provided Notice to Select Comfort of its Warranty Claim...............5
    E. Plaintiff's Cause of Action for Breach of Implied
       Warranties is Sufficient..................................................................................6
    F. Defendants' Arguments Against Class Certification are not Ripe..................7
    G. Defendants Fail to Address the Injunctive Relief Prayed for........................ 8

IV. CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

## Cases

*Committee on Children's Television, Inc. v. General Foods Corp.*
(1983) 35 Cal.3d 197...................................................................................................5

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*
(1974) 415 US 423, 39 L.Ed.2d 435, 94 S.Ct. 1113...................................................3

*International Audiotext Network, Inc. v. AT&T Co.*
(2nd Cir. 1995) 62 F.3d 69, 72..................................................................................2

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*
(1993) 507 US 163, 164, 113 S.Ct. 1160, 1161.........................................................2

*Pareto v. FDIC*
(9th Cir. 1998) 139 F.3d 696, 699..............................................................................2

*Pridonoff v. Balokovich*
(1951) 36 Cal.2d 788..................................................................................................3

*Sun Forest Corp. v. Shvili*
(SD NY 2001) 152 F.Supp.2d 367, 387.....................................................................3

*United States v. White*
(CD Cal. 1995) 893 F. Supp. 1423, 1428 (quoting text)............................................2

## Statutes and Codes

California Code of Civil Procedure §335.1.................................................................8

Because defendants moving papers are based on mischaracterization, incorrect law and premature argument, their Motion to Dismiss and to Strike must be denied.

Defendants' Motion relies in part upon facts that are not set forth in the Complaint. A separate Objection has been filed contemporaneously with this Opposition. As such, defendants' Motion is more in the nature of a FRCP 56 Motion for Summary Judgment yet it fails to satisfy the procedural requirements for such a motion. If the Court considers such facts, plaintiff requests the opportunity to present rebuttal evidence. Because any rebuttal evidence would necessarily be in the care, custody and control of defendants, plaintiff requests the opportunity to conduct limited discovery into the facts presented by defendants which are outside the pleadings.

## I. STATEMENT OF ISSUES

It is beneficial to address each of the issues presented by defendants in summary form:

1. Does plaintiff's Complaint state a claim for which relief can be granted for breach of express warranty, breach of implied warranty, concealment, intentional misrepresentation and negligent misrepresentation? Yes. The action was filed in California State Superior Court. The procedural rules for state court, not federal court, would therefore apply.

2. Does plaintiff's Complaint meet the pleading standards of Federal Rule of Civil Procedure 9(b) on her claims of concealment, intentional misrepresentation, and negligent misrepresentation? This issue is moot. The action was filed in California Superior Court. The procedural rules for state court, not federal court, would therefore apply.

3. May plaintiff bring nationwide class action claims on behalf of purported class members who have no product defect or legally cognizable injury? Yes. Notwithstanding the fact that this is not a motion for class certification and it is premature to bring these issues before the court, not every member of the potential class will have beds with mold. Similarly, not every owner of a Ford Pinto had to have it blow up for the product to be deemed defective and a recall notice provided. Each class member in the present action should similarly be provided notice of the inherently defective nature of the product and

defendants should be compelled to issue a recall for their Sleep Number beds.

4. May plaintiff bring nationwide class action claims for fraud and warranty claims when plaintiff concedes that the different laws of each state would apply and fraud and warranty claims require individualized proof of reliance? Yes. Fraud is a common count and as plead does not require individualized proof. SELECT COMFORT had a national advertising campaign designed to entice people to purchase its Sleep Number bed. SELECT COMFORT had national retail sales stores and toll free numbers operated by trained sales personnel. The fact that people did purchase the bed shows reliance upon the orchestrated advertising and sales campaigns. As part of the administration of the class after judgment, the Class Members can establish whether they relied on certain forms of advertising, representations of salespeople, word of mouth, or other means to determine if there was reliance upon statements by defendants. Additionally, plaintiff can amend the Complaint to add a cause of action for violation of the Magnusson-Moss Warranty Act and a cause of action for violation of the Unfair Competition Law. Each state has an Unfair Competition Law that is substantially the same as California's Business and Professions Code §17200.

## II. STANDARD OF REVIEW

In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn therefrom. *Pareto v. FDIC* (9th Cir. 1998) 139 F.3d 696, 699. *See also, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit* (1993) 507 US 163, 164, 113 S.Ct. 1160, 1161; *United States v. White* (CD Cal. 1995) 893 F.Supp. 1423, 1428 (quoting text). Any ambiguity must be resolved in the plaintiff's favor. *International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F.3d 69, 72. Defendants cannot offer facts not contained in the pleadings to support their argument.

## III. LEGAL ARGUMENT

### A. The State Court Rules of Pleading Apply to the Complaint.

Two of defendants' issues deal with assertions of inadequate pleading by plaintiff. The substance of the issue is that plaintiff makes allegations on "information and belief" which is not permissible under the Federal Rules of Civil Procedure. However, the Complaint was not brought in federal court. Defendants were the ones who launched this case into federal court. They cannot now use that action as a basis for a Motion to Dismiss.

California's pleading rules allow a plaintiff to allege on information and belief any matter that is not within his/her personal knowledge if he/she has information leading him/her to believe the allegations are true. *Pridonoff v. Balokovich* (1951) 36 Cal.2d 788. This is because often the facts are in the care, custody and control of the defendant. This case is no exception and defendants' arguments on this point must be rejected.

The Federal Rules of Civil Procedure only apply to procedures taken after removal. See generally, *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers* (1974) 415 US 423, 39 L.Ed.2d 435, 94 S.Ct. 1113. Unless ordered by the Court, repleading is not necessary. "It is well established that the district court 'takes the [removed] action in the posture in which it existed when it is removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in state court prior to removal.'" *Sun Forest Corp. v. Shvili* (SD NY 2001) 152 F.Supp.2d 367, 387.

Because California allows for pleading on "information and belief," the Motion to Dismiss on these grounds must be overruled.

### B. Select Comfort's Payment to Customers Does Not Absolve it of Liability.

Defendants then assert that its policy of reimbursing the customer for the beds if they are moldy is an acceptable policy. (Motion, p. 10:6-26). Furthermore, this policy absolves it of all liability. Not only is the statement inadmissible evidence for this motion, but it raises the question of why there would be a special policy regarding mold in beds if this is an isolated incident? The allegations in the Complaint are that this policy was an effort by defendants to conceal the defective nature of the product and this must be taken as true.

1  The argument that a full refund makes plaintiff's claims moot is also without support. This policy is alleged to be part of a greater fraudulent scheme in the concealment cause of action. While payment to purchasers may eliminate economic harm for the bed, this does not take into account the other damages arising out of the defective product, such as bedding costs, cleaning costs and personal injury. Nor does it resolve the claim that this was done by defendants not to satisfy the customers for altruistic reasons but to avoid the bigger exposure to cases such as this one (i.e., quietly sweeping mold claims under the carpet).

Only discovery and an investigation of all the facts will reveal the true nature of the actions by defendants. Plaintiff is entitled to investigate and collect evidence in support of her claims. Therefore, defendants' arguments on this point must be rejected.

**C.    Plaintiff Properly Pleaded Her Misrepresentation and Concealment Causes of Action.**

Defendants assert that the causes of action for intentional misrepresentation, negligent misrepresentation and concealment are governed by FRCP 9(b). Initially, defendants assert that the causes of action fail due to the allegations made on "information and belief." But, as addressed above, that is proper pleading under the applicable California procedural rules.

Defendants claim that there are no allegations of reliance prior to the purchase of the bed. This is inaccurate. Plaintiff alleges that defendants had an advertising campaign and that she relied upon the advertisements. (Complaint, paras. 18 and 24). The exact text of the advertisements is in the custody and control of defendants and will be the subject of discovery requests.

For any fraud claim, defendant's knowledge is a necessary element. Therefore, it is important to identify what knowledge defendants had regarding the defective nature of the product. Defendants argue that allegations of redesign (Complaint, para. 30) are inadmissible evidence. Notwithstanding the fact that statements made to plaintiff by defendants' customer service representatives about redesign to address the mold issues is an admission of knowledge of the problem, a 12(b)(6) motion is not the proper vehicle for

Page 4

objecting to evidence. Indeed, the Complaint itself is not evidence of any wrongdoing nor is it admissible to prove wrongdoing. The function of the Complaint is to provide defendants with notice of the claims and to limit the issues to be litigated. *See generally, Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197. By making the allegation, it gives plaintiff the opportunity to investigate this claim.

These statements and basis for redesign are discoverable and may lead to admissible evidence. This is also where there is a conflict of interest between the defendants. If Select Comfort did not tell Bed, Bath & Beyond about what it knew about mold or complaints about mold, and vise versa, these two parties have very adverse interests.

Defendants also argue the concealment claim is defective because plaintiff did not plead facts relating to the design of the Sleep Number® bed. Not only is this information most likely proprietary, it is inconceivable that a lay person would have knowledge of the actual design of the bed. This is information exclusively in the control of defendants.

Plaintiff has plead the prima fascia elements of a fraud cause of action: misrepresentation or concealment of a material fact intended to induce reliance and the attendant justifiable reliance by plaintiff and resulting damages from using the product. For this reason, defendants Motion to Dismiss the Fourth, Fifth and Sixth Causes of Action should be dismissed.

**D.     Plaintiff Provided Notice to Select Comfort of its Warranty Claim.**

Plaintiff alleged that she contacted Select Comfort to complain about the mold. This is notice of a claim. There is no allegation of the resolution of the claim. There is no allegation that plaintiff was paid in full for the cost of the bed. Defendants have provided this information which is outside the scope of the pleadings. Without waiving the objections to impermissible evidence, plaintiff never agreed to the payment for the bed. Select Comfort unilaterally issued the check after this action was filed. Absent any agreement, there is no meeting of the minds or determination of what the money could have been for. Was it for silence? Was it an attempt to satisfy the warranty? These are questions of fact to be addressed at the proper time.

Additionally, plaintiff did allege on information and belief that defendants do pay individuals for their beds. This action in itself is a breach of the warranty in that it deprives class members of the use of the unique Sleep Number bed for the warranted period of 20 years. In plaintiff's situation, it is alleged that she purchased her bed in 2000. (Complaint, para. 24). Discovery of the defect and inability to use the bed occurred in 2008. This period of time is substantially less than 20 years. When defendants refused to perform under the terms of the warranty, plaintiff filed this action. *See*, Motion, p. 12:7-8. It was futile to take any further action. These are reasonable inferences from the allegations in the Complaint.

Lastly, defendants completely ignore the fact that the allegations are that the refund policy was part of an overall scheme to defraud the public and conceal the true facts regarding the defective product. Plaintiff has sufficiently plead her concealment cause of action and is entitled to conduct discovery to obtain evidence to support this claim. Likewise, defendants will collect evidence to rebut this claim when presented to the jury.

For these reasons, defendants Motion regarding the Second Cause of Action must be denied.

### E.    Plaintiff's Cause of Action for Breach of Implied Warranties is Sufficient.

Defendants' arguments in support of its Motion regarding the implied warranties are illogical. Defendants have spent millions of dollars in advertising why their bed is unique to the marketplace. In contrast, defendants argue that by giving plaintiff her money back she can purchase any bed. Motion, p. 13:27-14:1. How can she receive the benefit of the bargain if she cannot use <u>this unique bed</u>?

Plaintiff has alleged personal injury arising out of her use of the bed. It is a reasonable inference that the bed was not fit for its intended purposes if mold growth was incubating in it. Similarly, it is doubtful that the bed's intended purpose was to harvest mold. Beds are intended to be used for rest and sleep. When a bed is contaminated, it is no longer safe to use the bed in its intended manner.

For these reasons, defendants Motion to Dismiss the Third Cause of Action must be denied.

### F. Defendants' Arguments Against Class Certification are not Ripe.

Defendants' arguments in support of its motion to strike the class allegations are properly the subject of an opposition to a motion for class certification, not a motion to dismiss. Plaintiff does not have to prove her case in the Complaint. Indeed, most of the information will be contained in the documents that are in the exclusive control of defendants. There has been no discovery at this point. Defendants' arguments are therefore premature.

In its moving papers, defendants state that "A plaintiff seeking to bring a class action must satisfy both Rules 23(a) and 23(b)." Motion, p. 15:18. Compliance with the Rule must be established before a case is certified, but not in the initial pleading. The only requirement is that plaintiff plead she can satisfy these requirements. This is done by plaintiff in paragraphs 34 through 42, inclusive, in the Complaint.

Similarly, the class definition can be modified prior to class certification. This does not mean that the class definition as contained in the Complaint makes the Complaint defective. All it means is that the Complaint may need to be amended prior to a motion for class certification or that the final determination of class certification is dependent on a modification of the class. For example, it is very common for a Complaint to plead nationwide class action only to be certified as only a statewide class action.

Defendants attempt to bolster their argument against class certification by characterizing the case as a "propensity to fail" case. However, the allegations state the product is <u>inherently defective</u> and plaintiff's bed has in fact failed. This is not a propensity to fail – this is actual failure which plaintiff alleges is the result of an inherently defective product. Plaintiff has alleged that her bed was contaminated with mold, did fail, and that she suffered injury as a direct and proximate result. Defendants cite numerous cases where the court dismissed class allegations where plaintiff's product did not fail. Motion, p. 17:8-18:2. In the present action, plaintiff has alleged that the product (her bed) did fail in that it incubated mold:

    Paragraph 31 of the Complaint states in pertinent part: "Plaintiff STEARNS suffered severe pulmonary distress as a direct and proximate result of the mold contamination within her Sleep Number® bed."

    Paragraph 40 of the Complaint states in pertinent part: "Investigation revealed that the Sleep Number® bed was covered in mold. Plaintiff suffered personal injury."

Defendants argue that individual issues predominate and that plaintiff's claims may be barred by the statute of limitations for personal injury. Notwithstanding the fact that defendants rely upon the wrong limitations period – one year, instead of the statutory two years (California Code of Civil Procedure §335.1) – plaintiff's personal injury claims are no different than those that were subject to the Nationwide Class Action Settlement Agreement with American Home Products Corporation (for the sale of the drugs Pondimin and Redux). It is common for personal injury claims associated with product defects cases to have an administrative claims process after it has been established that the product is defective. It is much more efficient to litigate the case in this manner than by having a multitude of personal injury claims (which will be stayed pending the resolution of the class action liability case) and a class action for Again, these are issues subject to a motion for class certification and not the present motion.

    The inquiry for the Court here is whether the plaintiff has properly pleaded a class action, not whether she has established that she will prevail as a matter of law. For this reason the Motion to Strike must be denied.

**G.  Defendants Fail to Address the Injunctive Relief Prayed for.**

    Plaintiff is also seeking injunctive relief in the form of a recall notice. Defendants fail to address that the Complaint seeks such relief and that the present action is a proper vehicle for compelling a large manufacturer to abide by its duty to refrain from harming the public. Instead, defendants argue that there are no economic damages because defendants pay the customer for their bed. The arguments regarding this position are without merit and do not need to be repeated here.

    While it may be true that many mattresses have no signs of mold, it is equally true

with our current state of knowledge that a significant number have been affected. For this reason all consumers are entitled to be put on notice and given the opportunity to avoid sleeping on a moldy bed.

## IV. CONCLUSION

For the foregoing reasons, defendants Motion should be denied. If the Court is inclined to grant the Motion, it should be granted with leave to amend to provide plaintiff the opportunity to present her case.

Respectfully submitted,

DATE: August 14, 2008

BUSTAMANTE O'HARA & GAGLIASSO

/s/ Robert M. Gagliasso
ROBERT M. GAGLIASSO
ANDREW V. STEARNS
Counsel of Record for Plaintiff MOLLY STEARNS