| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | VERNON H. GRANNEMAN (SBN 083532) |
| 2 |   vernon.granneman@pillsburylaw.com |
|   | DIANNE L. SWEENEY (SBN 187198) |
| 3 |   dianne.sweeney@pillsburylaw.com |
|   | 2475 Hanover Street |
| 4 | Palo Alto, CA  94304-1114 |
|   | Telephone: (650) 233-4500 |
| 5 | Facsimile: (650) 233-4545 |
| 6 | OPPENHEIMER WOLFF & DONNELLY LLP |
|   | ANDREW S. HANSEN (admitted *Pro Hac Vice*) |
| 7 |   ahansen@oppenheimer.com |
|   | HEIDI A. O. FISHER (admitted *Pro Hac Vice*) |
| 8 |   hfisher@oppenheimer.com |
|   | MEGHAN M. ANZELC (admitted *Pro Hac Vice*) |
| 9 |   manzelc@oppenheimer.com |
|   | Plaza VII, Suite 3300 |
| 10 | 45 South Seventh Street |
|   | Minneapolis, MN  55402 |
| 11 | Telephone: (612) 607-7000 |
|   | Facsimile: (612) 607-7100 |
| 12 |   |
|   | Attorneys for Defendants |
| 13 | SELECT COMFORT RETAIL CORPORATION |
|   | and BED BATH & BEYOND, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOLLY STEARNS, | Case No. C 08 02746 JF |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' MOTION TO DISMISS AND STRIKE** |
| vs. | |
| SELECT COMFORT RETAIL CORPORATION, a Minnesota Corporation; BED BATH & BEYOND INC., a New York Corporation, | **[PROPOSED] CLASS ACTION** |
| | Date: September 5, 2008 |
| | Time: 9:00 a.m. |
| Defendants. | Dept: Courtroom 3, 5th Floor |
| | Judge: The Honorable Jeremy Fogel |

Plaintiff Molly Stearns filed a document entitled Plaintiff's Objections to Defendant's Motion to Dismiss and Strike.  Stearns objects to several statements made in Defendants' Memorandum of Points and Authorities.  As described below, each statement

1  is accurate and can be considered by the Court.  Additionally, none of the above statements
2  to which Stearns objects are necessary to Defendants' Motion to Dismiss and Strike.
3  Stearns' desire to hide these facts from the Court, however, further illustrates that this
4  strike-suit class action should be dismissed before the Defendants are forced to unjustly
5  expend substantial resources in defense.
6       Stearns takes issue with Defendants' statements that "Select Comfort offers a full
7  refund of the purchase price if a customer has any problems with mold—a refund that
8  Stearns accepted," and, "…conceding that she could receive a full refund from Select
9  Comfort."
10       These statements address two issues.  First, Select Comfort offers a full refund to
11  any customer who has a problem with mold.  Stearns is well-aware of this policy and it is
12  reflected in her complaint.  (Compl. ¶¶ 29, 77.)
13       The second part of the statement (and likely Stearns' true objection) is that she
14  accepted a full refund for her bed.  Understandably, Stearns does not want this information
15  before the Court.  Stearns admits in her opposition brief, however, that she accepted a
16  refund.[1] (Opp'n 5:23–25.)
17       Plaintiff next takes issue with a statement relating to Select Comfort's two million
18  plus customers that "the overwhelming majority of such persons have not experienced mold
19  and, therefore, have no damages."  It is well-established law that if a person purchases a
20  product that performs as it is supposed to, there are no damages.  *See, e.g., Khan v. Shiley*
21  *Inc.*, 266 Cal. Rptr. 106, 110 (Cal. Ct. App. 1990) (citations omitted) (finding that product
22  must have actually failed before case may be brought); *Angus v. Shiley Inc.*, 989 F.2d 142,
23  147–48 (3rd Cir. 1993) (dismissing plaintiff's claims because his allegedly defective heart

---

[1] Stearns states that "Select Comfort unilaterally issued the check after this action was filed."  Stearns claims that she discovered mold on April 22, 2008.  She was informed that Select Comfort would remedy the situation by sending free replacement parts or, if she preferred, a refund for her bed.  Stearns stated that she wanted a refund.  Without waiting for her refund, on April 25, 2008, Stearns filed this action.  On May 19, 2008, Select Comfort sent Stearns her requested refund.  On May 27, 2008, she deposited the check at Bank of America.

1  valve was functioning properly); *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627–28 (8th

2  Cir. 1999) ("[w]here, as in this case, a product performs satisfactorily and never exhibits an

3  alleged defect, no cause of action lies").  Moreover, Stearns does not identify anyone else

4  who has had mold, nor does she cite any study, investigation, report, or collection of data

5  suggesting that Select Comfort's products are inherently defective.  Instead, Stearns invites

6  the Court to take a great leap of faith and, at Defendants' expense, assume that since she

7  allegedly has mold, all other Select Comfort consumers will have or have had mold.  Such

8  "crystal ball" pleading was also at issue in *Carey,* and was rejected:

> Plaintiff Carey's bed has not developed mold and given the fact that there is no allegation of any particular individual who has had mold in his/her bed, it is not clear that mold will ever develop.  And if it does develop in a particular bed, there is no reason to believe that the replacement bed would not be free of mold as it appears the vast majority of Select Comfort beds are.
>
> There is no allegation of a percentage of beds that will develop mold or how significant the mold will be.  Therefore, there is no reason to conclude that whatever mold problem does surface will not be appropriately addressed by the Select Comfort warranty.

15 *Carey*, at *5–6.

16  Stearns next takes issue with the statement: "Further, such persons would have no

17  economic damage claim even if they did experience mold because Select Comfort offers a

18  full refund."  As noted above, this is simply a legal argument based upon the well-accepted

19  notion that one who is fully compensated for a product has not suffered any economic

20  damage.  *See, e.g., Chin v. Chrysler Corp.,* 182 F.R.D. 448, 463 (D.N.J. 1998) (denying

21  class certification in part because there no useful remedy the court could fashion since

22  individuals could receive refunds through manufacturer).

23  Finally, Stearns objects to the statement that "[o]ver the past twenty years, the

24  language in Select Comfort's warranties has changed."  This statement was made in support

25  of the motion to strike class allegations.  Stearns purports to represent a class stretching

26  over twenty years comprising all users of Select Comfort's beds.  Virtually any

27  manufacturer will change its warranty over the course of twenty years.  Indeed, Stearns

28

1 need only go to Select Comfort's website to see that her warranty from 2000 is different
2 from the warranty offered in 2008.

Dated:  August 22, 2008.

                        PILLSBURY WINTHROP SHAW PITTMAN LLP

                        By   */s/ Dianne L. Sweeney*
                            Dianne L. Sweeney
                            Attorneys for Defendants
                            SELECT COMFORT RETAIL CORPORATION
                            AND BED BATH & BEYOND INC.

Dated:  August 22, 2008.

                        OPPENHEIMER WOLFF & DONNELLY LLP

                        By   */s/ Andrew S. Hansen*
                            Andrew S. Hansen
                            Attorneys for Defendants
                            SELECT COMFORT RETAIL CORPORATION
                            AND BED BATH & BEYOND INC.

    I hereby attest that I have the concurrence of Andrew Hansen to file this document.

                              */s/ Dianne L. Sweeney*
                              Dianne L. Sweeney